UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| BURKART CROSSING APARTMENT PARTNERS, LLC, </br></br>Plaintiff, </br></br>v. </br></br>BURKART OWNER, LLC, </br></br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) )   No. 4:23-cv-00006-TWP-KMB |

## ORDER ON DEFENDANT'S MOTION FOR RELIEF PURSUANT TO RULE 56(d)

Presently pending before the Court is Defendant Burkart Owner, LLC's ("Burkart Owner") Motion for Relief under Rule 56(d) on the grounds that it allegedly has not had an opportunity to conduct discovery necessary to respond to Plaintiff Burkart Crossing Apartment Partners, LLC's ("Burkart Crossing") pending Motion for Summary Judgment. [Dkts. 28; 35.] Burkart Crossing opposes Burkart Owner's Motion, arguing that the summary judgment deadline should not be extended and that it is entitled to a timely response from Burkart Owner. [Dkt. 37.] For the reasons detailed below, Burkart Owner's Motion for Relief under Rule 56(d) is **DENIED**, and the Court **ORDERS** Burkart Owner to file its response to Burkart Crossing's Motion for Summary Judgment **no later than November 10, 2023.**

### I.  RELEVANT BACKGROUND

The present action concerns a purchase and sale agreement (the "Agreement") entered into by the Parties in July 2022, under which Burkart Owner agreed to purchase from Burkart Crossing a property located in Seymour, Indiana. [Dkt. 1-1 at ¶ 5-6.] The Agreement provided that closing shall occur within 60 days after the "Effective Date of the Agreement." [*Id.* at ¶ 9.] However, after depositing $500,000 of earnest money (the "Earnest Deposit") with the escrow agent—Near

North Title Group, LLC ("Near North Title Group")—Burkart Owner allegedly refused to close within the 60-day period. [*Id.* at ¶¶ 7-10.] On October 27, 2022, Burkart Crossing notified Burkart Owner that it had defaulted under the Agreement for failing to close and therefore demanded that Near North Title Group release to it the $500,000 Earnest Deposit as liquidated damages. [*Id.* at ¶¶ 13-14, 16.] Burkart Owner objected to the release of the Earnest Deposit, contending that Burkart Crossing breached the Agreement because it was unable to convey "good and marketable fee simple title" to Burkart Owner, which was an agreed upon condition to the Agreement. [*Id.* at ¶ 17; Dkt. 36 at 4.] Near North Title Group remains in possession of the Earnest Deposit. [Dkt. 1-1 at ¶ 17-18.] The Parties continue to dispute the meaning of the Agreement, which Party defaulted under the Agreement, and which Party is entitled to the Earnest Deposit. [Dkt. 1-1. at ¶ 19.] Accordingly, Burkart Crossing filed this action against Burkart Owner for breach of contract, seeking a declaratory judgment from the Court regarding the Parties' respective status, rights, and legal obligations under the Agreement. [*Id.* at ¶ 33.]

## II. APPLICABLE STANDARD

"District Courts have broad discretion in discovery-related matters." *Equal Emp. Opportunity Comm'n v. Wal-Mart Stores East, L.P.*, 46 F.4th 587, 601 (7th Cir. 2022); *see also Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs., Inc.*, 755 F.3d 832, 839 (7th Cir. 2014) (citations and internal quotation marks omitted) (emphasizing that district courts "enjoy broad discretion . . . in delimiting the scope of discovery in a given case").

Federal Rule of Civil Procedure 56(d) "permits a district court to delay consideration of a summary judgment motion and order additional discovery before ruling if the non-movant demonstrates that 'it cannot present facts essential to justify its opposition.'" *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 627-28 (7th Cir. 2014) (quoting Fed. R. Civ. P. 56(d)). The

party asking for additional discovery must demonstrate the need for it by affidavit, Fed. R. Civ. P. 56(d), and must "state the reasons why the party cannot adequately respond to the summary judgment motion without further discovery." *Sterk*, 770 F.3d at 628 (citation omitted). The party requesting additional discovery has the "burden to identify material facts needed to oppose summary judgment." *Id.*

### III.  DISCUSSION

In support of its Motion for Relief under Rule 56(d), Burkart Owner argues that the Court should deny or defer ruling on Burkart Crossing's Motion for Summary Judgment because it has not had an opportunity "to test the central premises" of the Motion and therefore cannot respond fully to it. [Dkt. 36 at 1.] According to Burkart Owner, Burkart Crossing's Motion for Summary Judgment is premature, as Burkart Crossing has not provided any responsive documents to Burkart Owner's written discovery, and Burkart Owner's non-party subpoenas for Near North Title Group have not been satisfied. [*Id.* at 7.] Burkart Owner argues that the documents and deposition testimony that would result from these discovery requests and subpoenas are necessary for deciding Burkart Crossing's Motion for Summary Judgment. [*Id.*] Without this evidence, Burkart Owner claims that the Court will be left with disputed issues of material fact, which precludes granting Burkart Crossing's Motion. [*Id.* at 7.]

In response, Burkart Crossing contends that Burkart Owner should not be permitted to extend the summary judgment deadline in this case. [Dkt. 37 at 1.] Burkart Crossing argues that its Motion for Summary Judgment is premised on a question of law—specifically, whether Burkart Owner's refusal to consummate the purchase of the property constitutes a breach of the Parties' Agreement, entitling Burkart Crossing to the Earnest Deposit as recourse. [*Id.*] Although Burkart Owner claims that it needs deposition testimony from Near North Title Group regarding the

purported exceptions to title that Burkart Owner claims prevented it from receiving "clear and marketable title," Burkart Crossing argues that such evidence is not needed to adjudicate its Motion for Summary Judgment. [*Id.* at 2.] According to Burkart Crossing, whether any exceptions gave Burkart Owner the ability to refuse to close without terminating the Agreement is a pure matter of contractual interpretation. [*Id.*] Thus, Burkart Crossing argues that there are no factual disputes, and there is no discovery Burkart Owner needs to respond to the legal arguments in its Motion for Summary Judgment. [*Id.*] Moreover, Burkart Crossing emphasizes that the non-expert and liability discovery deadline in this case was October 2, 2023, which Burkart Owner has been aware of for months. [*Id.*]

Burkart Owner did not file a reply brief, which the Court construes as an acknowledgment of the correctness of Burkart Crossing's position that the Motion for Relief under Rule 56(d) should be denied. *See East v. Astrue*, 2010 WL 1751720, at *1 (S.D. Ind. Apr. 30, 2010) (interpreting the claimant's "failure to file a reply brief as an acknowledgment of the correctness of the Commissioner's" arguments); *Midwest Generation EME, LLC v. Continuum Chem. Corp.*, 768 F. Supp. 2d 939, 950 (N.D. Ill. 2010) (finding that "failure to respond to an opposing party's argument implies concession"); *Law v. Medco Rsch. Inc.*, 113 F.3d 781, 787 (7th Cir. 1997) (explaining that "[f]ailure to contest a point is not necessarily a waiver, but it is a risky tactic, and sometimes fatal"); *Milam v. Dominick's Finer Foods, Inc.*, 567 F.3d 830, 832 (7th Cir. 2009) (interpreting "plaintiffs' silence in their response as acknowledgment").

The Court agrees with Burkart Crossing that the Court should not delay consideration of the pending Motion for Summary Judgment. Burkart Owner has had ample time to conduct the discovery it claims it needs. The non-expert witness and liability discovery deadline in this case was October 2, 2023—which passed several weeks ago—not April 1, 2024, as Burkart Owner

4

erroneously asserts in its briefing on this issue. [*See* dkt. 18 at 4.] Moreover, the Court agrees with Burkart Crossing that the documents and deposition testimony Burkart Owner seeks are not necessary to respond to Burkart Crossing's Motion for Summary Judgment. As explained in its brief, Burkart Crossing's Motion for Summary Judgment raises a pure legal question that depends on contract interpretation. The Court also notes that Burkart Owner's argument that it needs additional discovery or otherwise there will be disputed issues of fact is inherently tenuous because it implies that Burkart Owner already has what it needs to survive Burkart Crossing's Motion for Summary Judgment by showing that there are disputed issues of material fact. [*See* dkt. 36 at 7.] Accordingly, the Court finds that Burkart Owner, as the moving Party, has not met its burden of demonstrating the need for additional discovery to oppose Burkart Crossing's Motion for Summary Judgment. *See Sterk*, 770 F.3d at 628.

## IV.  CONCLUSION

For the reasons stated herein, the Court **DENIES** Burkart Owner's Motion for Relief under Rule 56(d). [Dkt. 35.] Burkart Owner is **ORDERED** to file its response to Burkart Crossing's Motion for Summary Judgment **no later than November 10, 2023**.

**SO ORDERED.**

Date: 10/24/2023

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

S. Joshua Kahane
GLANKLER BROWN PLLC
6000 Poplar Ave., Suite 400
Memphis, TN 38119